SEALED

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAY 1 3 2016

CLERK, U.S. DISTRICT COURT
By_____ Deputy

AO 91 (Rev. 12/10)  Criminal Complaint

# United States District Court

_____ NORTHERN _____ DISTRICT OF _____ TEXAS _____

UNITED STATES OF AMERICA

V.

CASE NUMBER: 3-16-MJ-423-BF

ABDULLAHI HASI EGAL (22),

█████████████████████████

I, the undersigned complainant being duly sworn state the following

is true and correct to the best of my knowledge and belief.

### Complaint Count One
Conspiracy to Possess Unlawfully Produced Identification Documents
[Violation of 18 U.S.C. § 1028(a)(1) and (f)]

On or about March 2014 and continuing until on or about March 2015, in the

Dallas Division of the Northern District of Texas, the defendants, ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ and ████████████ did

intentionally and willfully combine, conspire, confederate, and agree with each other

and others both known and unknown, to knowingly and willfully possess identification

documents, to wit, Texas drivers licenses produced without lawful authority.

In violation of 18 U.S.C. §§ 1028(a)(1) and (f).

### Complaint Count Two
Conspiracy to Possess Unlawfully Produced Identification Documents
[Violation of 18 U.S.C. § 1028(a)(1) and (f)]

On or about April 2015, in the Dallas Division of the Northern District of Texas,

the defendants, ██████████████ and ██████████████ did intentionally and

conspire, confederate, and agree with each other and others both known and unknown, to knowingly and willfully possess identification documents, to wit, a Texas driver's licenses produced without lawful authority.

In violation of 18 U.S.C. §§ 1028(a)(1) and (f).

### Complaint Count Three
Conspiracy to Possess Unlawfully Produced Identification Documents
[Violation of 18 U.S.C. § 1028(a)(1) and (f)]

On or about June 2014, in the Northern District of Texas, the defendants, ███████████ and ███████████████ did intentionally and willfully combine, conspire, confederate, and agree with each other and others both known and unknown, to knowingly and willfully possess identification documents, to wit, a Texas driver's licenses produced without lawful authority.

In violation of 18 U.S.C. §§ 1028(a)(1) and (f).

### Complaint Count Four
Conspiracy to Possess Unlawfully Produced Identification Documents
[Violation of 18 U.S.C. § 1028(a)(1) and (f)]

On or about April 2013 and continuing until on or about April 2016, in the Northern District of Texas, the defendants, ████████████████ ███████████ and ███████████████ did intentionally and willfully combine, conspire, confederate, and agree with each other and others both known and unknown, to knowingly and willfully possess identification documents, to wit, Texas drivers' licenses produced without lawful authority.

In violation of 18 U.S.C. §§ 1028(a)(1) and (f).

Complaint Count Five
Conspiracy to Possess Unlawfully Produced Identification Documents
[Violation of 18 U.S.C. § 1028(a)(1) and (f)]

On or about August 2014, in the Northern District of Texas, the defendant,

**Abdullahi Hasi Egal,** did intentionally and willfully combine, conspire, confederate,

and agree with others both known and unknown, to knowingly and willfully possess

identification documents, to wit, Texas drivers' licenses produced without lawful

authority.

In violation of 18 U.S.C. §§ 1028(a)(1) and (f).

I further state that I am a Special Agent with the U.S. Department of Homeland

Security, Immigration and Customs Enforcement, Homeland Security Investigations

and that this complaint is based on the following facts:

See attached Affidavit of Special Agent Scott Kline, which is incorporated
and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:   X Yes     No

Signature of Complainant
Scott Kline
Special Agent, DHS-HSI

Sworn to before me and subscribed in my presence, on this  13th  day of May, 2016, at
Dallas, Texas.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer          Signature of Judicial Officer

<u>**AFFIDAVIT IN SUPPORT OF COMPLAINT**</u>

I, Scott Kline, a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, being duly sworn, state as follows:

<u>**AFFIANT'S BACKGROUND**</u>

1.      I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (DHS-HSI) and have been employed in this capacity since September 2008.  Prior to serving as a Special Agent with HSI, I was a Special Agent with the United States Secret Service from May 2000 to September 2008. I have over 16 years of law enforcement experience and have attended multiple academies and training seminars including the Federal Law Enforcement Criminal Investigators course at Glynco, Georgia. I am currently assigned to the Identity and Document Fraud Unit of the Special Agent in Charge Dallas Office, in which my responsibilities include the investigation of genuine and counterfeit identity documents.

<u>**PURPOSE OF AFFIDAVIT**</u>

2.      This affidavit is made in support of a criminal complaint.

3.      Because this affidavit is being submitted for the limited purpose of establishing probable cause necessary for a complaint, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to arrest the individuals named in the complaint.

4.     The statements in this affidavit are based upon my own observations, information provided to me by other agents, information provided by reliable witnesses, systems and databases deemed reliable by law enforcement, public source and business records

5.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1028(a) (Fraud in Connection with Identification Documents) and 18 U.S.C. § 1341 (Mail Fraud) have been committed by ████████████████████████

████████████████████████████

████████████████████████████

█████████████████████████████

████████████████████████████

████████████████████████████

██████████████████████████

███████████████████████████

█████████████████ and **Abdullahi Hasi Egal**.

## <u>FACTS SUPPORTING PROBABLE CAUSE</u>

### <u>Introduction/Overview</u>

6.     In August 2015, the Texas Department of Public Safety (TX-DPS) provided information to DHS-HSI obtained from the Texas driver's license data base indicating that individuals residing in other states were traveling to Texas for the purpose of obtaining a Texas Commercial Driver License (TX-CDL) by falsely claiming to be a

**Affidavit in Support of Complaint– Page 2**

Texas resident.  Many of these individuals were also obtaining what is often referred to as a HAZ-MAT endorsement which allowed them to transport Hazardous Materials (e.g. explosives, radioactive material, infectious substance, flammable or combustible liquid).

7.     To facilitate these non-residents in unlawfully obtaining a TX-CDL, individuals who actually were Texas residents would sign a Texas Residency Affidavit falsely stating that the person lived with them.  For example, ███████ who resided at ████████████████, signed Texas Residency Affidavits for more than 30 non-residents between January 2014 and April 2015.  All of these affidavits stated that the non-resident lived with ██ at ████████.

8.     Additionally, intelligence reports provided by TX-DPS at the beginning of this investigation indicated that an unidentified organization was making arrangements for and facilitating individuals residing outside of Texas in obtaining a TX-CDL.  The intelligence report indicated that the organization would: supply answers to the TX-CDL tests via text message and email; provide the individuals with a place to stay (e.g. a local business or someone's home) while in Texas; provide clean urine samples; and make arrangements for an individual living in Texas to sign a Texas Residency Affidavit falsely attesting to the out-of-state individual residing in Texas.  Affiant and other DHS-HSI special agents conducted interviews with individuals who obtained the a TX-CDL as well as individuals who facilitated their ability to obtain a TX-CDL.  Those interviewed corroborated the information in the TX-DPS intelligence reports.  Specifically, the statements made by those individuals who were interviewed indicated that the assistance and arrangements made for the out-of-state individuals, combined with the lower cost and

**Affidavit in Support of Complaint– Page 3**

the less stringent TX-CDL tests, made it easier and cheaper for the out-of-state individuals to obtain a TX-CDL than it would have been for them to obtain a CDL from the state where they actually resided.

9.     Further investigation by TX-DPS and DHS-HSI revealed other addresses at which individuals who were not residents of Texas falsely claimed to reside for the purpose of unlawfully obtaining a TX-CDL.

10.     This complaint and the facts contained in this affidavit relate to five addresses at which out-of-state individuals claimed to reside for the purpose of obtaining a TX-CDL.  Those addresses are:



- ████████████████████████; and

- 3706 Valley View Lane, Irving, Texas, 75062.

11.     The unique fraudulent scheme and modus operandi employed to circumvent the TX-CDL residency requirements for the purpose of the out-of-state individual obtaining a TX-CDL was nearly identical in each instance identified in this affidavit.  Specifically, in each instance the out-of-state individual would travel to Texas for the purpose of obtaining a TX-CDL.  Then, that out-of-state individual would—in lieu of providing documents demonstrating that he is a resident of Texas—submit a Texas Residency Affidavit from an individual who actually did reside in Texas for the purpose of circumventing the residency requirement.  After TX-DPS completing the

**Affidavit in Support of Complaint– Page 4**

application and tests for obtaining a TX-CDL, the out-of-state individual would leave Texas and, in many cases, return to the same state that issued the driver license that was surrendered to TX-DPS during the TX-CDL process. Generally, the out-of-state individual would leave instructions with the individual who signed the Texas Residency Affidavit for forwarding the permanent TX-CDL to them at their out-of-state address.[1]

## **Texas Commercial Driver Licenses and Hazardous Materials Endorsements**

12.     There are several requirements for obtaining a TX-CDL. Though the overall process and requirements for obtaining a CDL in Texas is similar to other states, as stated above, individuals interviewed throughout this investigation expressed a belief that it is easier, quicker, and/or cheaper to obtain one in Texas.

13.     The two requirements relevant to this Affidavit are: (1) the applicant is a resident of Texas, and (2) if the applicant has been issued a driver license by another state it must be surrendered to TX-DPS. Individuals applying must present two documents from different companies or agencies to prove they are a Texas resident. Documents that are accepted as proof that an individual is domiciled in Texas include, but are not limited to, the following:

- Current deed, mortgage, monthly mortgage statement, mortgage payment booklet, or a residential rental/lease agreement
- Valid, unexpired Texas voter registration card
- Texas motor vehicle registration or title

---

1 Based on the information in these intelligence reports and that obtained throughout this investigation, there is reason to believe that there may be a connection, (e.g. unidentified organization), between each of the addresses and those who signed the Texas Residency Affidavits discussed below. While Affiant has identified with certainty the existence of a connection between individuals using a single address and the individuals who actually have resided at that address, Affiant cannot at this time identify with certainty a specific connection between the individuals living at or claiming to live at the different addresses discussed below, (other than the fact that the specific unique fraud scheme used at each address is substantially the same).

- Texas boat registration or title
- Texas concealed handgun license
- Utility statement (including electric, water, natural gas, satellite TV, cable TV, or non-cellular phone bill) dated within 90 days of the date of application
- Selective Service card
- Medical or health card
- Current homeowner's or renter's insurance policy or homeowner's or renter's insurance statement
- Current automobile insurance policy or an automobile insurance statement
- Texas high school, college, or university report card or transcript for the current school year
- W-2 or 1099 tax form from the current tax year
- Mail from financial institutions; including checking, savings, investment account, and credit card statements dated within 90 days of the date of application
- Mail from a federal, state, county, or city government agency dated within 90 days of the date of application
- Current automobile payment booklet
- Pre-printed paycheck or payment stub dated within 90 days of the date of application
- Current documents issued by the US military indicating residence address
- Document from the Texas Department of Criminal Justice indicating the applicant's recent release or parole

Individuals who are unable to provide 2 of these documents proving that they are residents of Texas may instead provide a Texas Residency Affidavit. The Texas Residency Affidavit requires both the applicant and a "representative who provides services to the applicant at the address" where the applicant claims to reside to sign the form certifying that the information provided is true and correct. It also warns both the applicant and the "representative" that it is a crime to knowingly make any false statements relating to a TX-CDL application.

14.     In addition to providing proof of being a Texas resident, applicants who have been issued an out-of-state driver license must surrender the license to TX-DPS when applying for a TX-CDL.

15.     Reciprocity agreements between Texas and other states allow an individual who has been issued a TX-CDL to obtain a CDL from another state without having to go through the same rigorous process and testing normally required to obtain a CDL from that state. Said differently, the procedural, financial, and testing requirements out-of-state individuals are seeking to avoid by traveling to Texas to obtain a HAZ-MAT TX-CDL are not the same when an individual has already been issued a HAZ-MAT CDL.  As a result, many of the out-of-state individuals involved in this scheme traveled to Texas, falsely claimed to be a Texas resident, returned to their home state, and surrendered the TX-CDL in exchange for a CDL from the state in which they actually reside/work.

16.     TX-DPS provided records and information indicating that ███████████ who resided at ████████████████s, signed at least 40 Texas Residency Affidavits for individuals who could not provide proof of residency in Texas in 2014 and 2015.  Many of the Texas Residency Affidavits signed by ████████ were submitted with TX-CDL applications in the years of 2014 and 2015.  When ████████ signed a Texas residency affidavit, she provided proof of her own residency for the driver's license applicants that included invoices/billing statements and ████████ Texas driver license.  As detailed below, the Texas Residency Affidavits she signed indicated that the individuals lived with her at ████████ Irving, Texas.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

██████████████████████████████████████████████

███████████████████

22.     In addition to the individuals named in ¶¶ 17-21 above███████████

signed Texas Residency Affidavits, for the purpose of circumventing the residency

requirements for obtaining a TX-CDL, for the 18 individuals listed in the chart on the

following page stating that each individual resided with her at ██████████ Irving,

Texas.  The chart provides:

- The date on which each out-of-state individual filed a TX-CDL application (form DL-14A);

- The state that issued the driver license that out-of-state individual surrendered to TX-DPS;

- Whether, according to the TWC, that out-of-state individual earned employment wages in Texas;

- The state in which the individual appears to be currently residing; and

- The State, (as well as the date), that individual surrendered his TX-CDL to allowing him to obtain a CDL from that state without going through the usual process and testing requirements.

| Def. # | Name | TX-CDL Application (DL-14A) Date | State of driver license surrendered to TX-DPS when Applying for TX-CDL | Employment Wages Earned in Texas According to TWC Database | Current State of Residence | State and Date that TX-CDL was Surrendered in Exchange for CDL from Different State |
|---|---|---|---|---|---|---|
| (7) | ███ | ███ | ███ | ██ | ███ | ███ |
| (8) | ████ | ███ | ███ | ██ | ███ | █████ |
| (9) | ██ | ███ | ███ | ██ | ███ | ██████ |
| (10) | ██ | ███ | ███ | ██ | ██ | ███ |
| (11) | ███ | ███ | ██ | █ | ██ | ████ |
| (12) | █████ | ███ | ██ | █ | █ | ████ |
| (13) | ██ | ███ | ███ | █ | █ | ████ |
| (14) | ██ | ███ | ██ | █ | █ | ██ |
| (15) | ██ | ███ | ██ | █ | █ | ██ |
| (16) | ███ | ███ | ██ | █ | █ | ████ |
| (17) | ███ | ███ | ██ | █ | █ | ███ |
| (18) | ███ | ███ | ██ | █ | █ | ████ |
| (19) | ███ | ███ | ██ | █ | █ | ██ |
| (20) | ██ | ███ | ██ | █ | █ | ████ |
| (21) | ███ | ███ | ██ | █ | █ | ██ |
| (22) | ██ | ███ | ██ | █ | █ | ██ |
| (23) | ███ | ███ | ███ | █ | █ | ██ |
| (24) | ███ | ███ | ██ | █ | █ | ██ |

23.      It is also important to note that, as stated above, many other individuals have been identified who ██████████ signed Texas Residency Affidavits for between the years 2013 and 2015.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**Affidavit in Support of Complaint– Page 13**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**Affidavit in Support of Complaint– Page 16**

[redacted]

[redacted]

[redacted]

**Affidavit in Support of Complaint– Page 18**

[redacted]

[redacted]

[redacted]

Affidavit in Support of Complaint– Page 20

**Affidavit in Support of Complaint– Page 21**

[redacted]

[redacted]

███████████████████████████████████████████████

███████████████████████████████████████████

**Abdullahi Hasi Egal: Washington Resident with TX-CDL Claiming to Live at 3706 Valley View Ln., Apt. 2016, Irving, TX 75062**

48.     A residency application obtained from Terrance Apartments in October 2015 indicated that ██████████████████ and **Abdullahi Hasi Egal** were the residents listed on the lease.  While HSI special agents confirmed through this investigation that ████████████████ has in fact resided there continuously since 2008, this is not true of **Abdullahi Hasi Egal.**

49.     On August 29, 2014, **Abdullahi Hasi Egal** completed Texas form DL-14A and applied for a TX-CDL. At that time, he surrendered his Washington driver license. During the application process, **Abdullahi Hasi Egal** was unable to provide proof of Texas residency.  In order to circumvent this requirement, a Texas Residency Affidavit purporting to be signed by an individual named ████████████ attesting that **Abdullahi Hasi Egal** is a Texas resident and who resides with him at 3706 Valley View Lane, Irving, Texas. An apartment lease contract for that address with ████████████s name on it and insurance documents were provided  as proof of his residency.  TX-DPS personnel then processed the license which was subsequently mailed via the United States Postal Service (USPS).

50.     On November 6, 2014, **Abdullahi Hasi Egal** and a passenger in his vehicle arrived at the Peace Arch Port of Entry in Blaine, Washington after being refused entry into Canada.  At that time, the Primary Customs Border Patrol Officer (CBPO) referred

**Abdullahi Hasi Egal** for secondary inspection.  During an the secondary inspection,

**Abdullahi Hasi Egal** stated that he lived at 4521 29th Avenue Apt. #303, Seattle,

Washington.  This address, (4521 29th Avenue Apt. #303, Seattle, Washington), is the

same address that was on the Washington driver license surrendered to TX-DPS

approximately two-months earlier when **Abdullahi Hasi Egal** claimed to be a Texas

resident.  It is also the same address that his 2012 W-2 was sent to.  A query of systems

used and relied on by law enforcement indicates that **Abdullahi Hasi Egal** currently

resides in or near Seattle, Washington.

     51.    On April 26, 2016, Affiant called telephone number ███████████

which is associated with ███████████ and the Valley View Lane address.   A male

voice answered the call. Affiant then asked "Is this ███████████". The male voice

responded "Yes, this is ███████". Affiant then advised ███ that he was a Special

Agent with the U.S. Department of Homeland Security and that he was seeking the

location of **Abdullahi Hasi Egal**. ███████████ stated the he did not know **Abdullahi**

**Hasi Egal**.  Affiant then asked ███████████ if he had lived at 3706 Valley View Lane,

#2016, Irving, Texas to which ███████████ replied "yes". ███████████ was told that

**Abdullahi Hasi Egal** had used 3706 Valley View Lane, #2016, on his driver's license

application. Affiant then asked "did you help **Abdullahi Hasi Egal** get his driver's

license"? ███████████ then stated that he remembered a guy who came from Seattle

who needed help getting his CDL. ███████████ said he helped the guy get the CDL

through introduction to a driver trainer. Affiant then asked "did you sign any documents

for **Abdullahi Hasi Egal** to get his CDL"? ███████████ stated "no I didn't sign

anything". When Affiant advised ██████████ that **Abdullahi Hasi Egal** stated on his TX-CDL application that he lived with you at the 3706 Valley View Lane, #2016, Irving, Texas address in August 2014, ██████████ replied, "He is lying."

## CONCLUSION

52.     Based on the preceding information, there is probable cause to believe that violations of 18 U.S.C. § 1028(a) (Fraud in Connection with Identification Documents) and 18 U.S.C. § 1341 (Mail Fraud) have been committed by ██████████



██████████ and **Abdullahi Hasi Egal**.

Scott Kline
DHS-HSI Special Agent

Subscribed and sworn to before me on May 13, 2016, and I find probable cause.

Paul D. Stickney
United States Magistrate Judge